IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE W. BILBREW, | § | |
| TDCJ-CID NO.882188, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-05-1280 |
| | § | |
| MR. WILFORD ANDERSON, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Clarence W. Bilbrew, a state inmate, filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 against the attorney who represented him at trial, the State Bar of Texas, and various administrators of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Docket Entry No.1). Because plaintiff's complaint fails to state a cause of action under § 1983, the Court will dismiss the complaint.

28 U.S.C. § 1915(e)(2)(B)

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

### 42 U.S.C. § 1983

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990).

### Defendants Anderson and the State Bar of Texas

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981). Therefore, plaintiff cannot prove any set of facts in support of his claim of malpractice against defendant Wilford Anderson under § 1983.

Plaintiff's claims against the State Bar of Texas related to its failure to discipline defendant Anderson are derivative of plaintiff's claims against Attorney Anderson. Because he fails to show that he has sustained any personal injury from the State Bar's failure to discipline his trial counsel, plaintiff lacks standing to assert a claim against the State Bar of Texas. *See Raines v. Byrd*, 521 U.S. 811, 818-19 (1997). For this reason, plaintiff cannot prove any set of facts in support of his claims against the State Bar of Texas.

Because plaintiff's complaints against defendants Anderson and the State Bar of Texas are legally frivolous, the Court will dismiss all claims against these defendants.

### TDCJ-CID Defendants

In his original complaint (Docket Entry No.1), plaintiff states the following claims against TDCJ-CID defendants:

1. Dieter Finch, the Central Unit Law Library Supervisor, discriminated, retaliated, defamed, libeled, slandered, and conspired with others to suppress and/or denied plaintiff redress, the right to free speech under the First Amendment, and equal protection and equal access to programs, services, and facilities that receive federal funding. Plaintiff claims that Finch's incompetence caused him to suffer loss of privacy, public ridicule, harassment and wrongful punishment, deprivation of state and federal constitutional rights, and equal benefit of all laws, loss of legal properties, and to suffer violations of Title VII of the Federal Civil Rights Act, false imprisonment, emotional distress, loss of resources, and other damages.

2. TDCJ-CID created a hostile living and work environment and failed to protect plaintiff from discrimination, retaliation, mistreatment, personal injuries and constitutional violations.

3. Patty Velasquez, the Jester III Unit Law Library Supervisor, interfered with his access to the courts and his federal and state claims and litigation against attorneys.

4. Gary Johnson, the Executive Director of TDCJ-CID, and Doug Dretke, the Director of the TDCJ-CID, failed to protect plaintiff from mistreatment, abuse, wrongful deprivations and punishment, and violations of his civil rights even though Johnson was informed of the same via correspondence, grievances, and third parties.

5. Patricia Corona, the Jester III Property Officer, interfered with his federal and state claims against his attorney for malpractice.

6. Vickie Barrows, the Assistant Program Administrator of TDCJ-CID, denied him access to the courts and equal protection. He further maintains she failed to supervise subordinates, provide him with due process and pre/post deprivation remedies, and failed to prevent conspiracies and frauds.

7. Frank Hoke, the Program Administrator of TDCJ-CID negligently denied him access to the courts, equal protection, and protection of the federal and

>state constitutions by failing to supervise subordinates and to protect him from conspiracies and frauds.

In its Order for More Definite Statement, the Court ordered plaintiff to specifically describe the alleged personal involvement of each defendant in any incident that resulted in a violation of his rights. (Docket Entry No.4). Plaintiff, however, fails to state any specific facts to support his allegations against defendants Finch, TDCJ-CID, Velasquez, Barrows, and Hoke in his response. (Docket Entry No.11).

In response to questions about his denial-of-access-to-the-court claim, plaintiff fails to state any facts with respect to the actions or omissions of defendants Velasquez, Barrows, Hoke or Corona. Plaintiff's only complaint is that defendant Corona "did in deliberate indifference when personally notified of possible injury by loss of legal and personal property" state, "I don't care, I [sic] got a lawyer to handle all that." (Docket Entry No.11). Without more, plaintiff's allegations are conclusory and therefore, legally frivolous.

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (same). Because he has failed to allege any cognizable claim for relief against defendants under § 1983, the complaint will dismissed with prejudice as frivolous pursuant to § 1915(e)(2)(B).

## Conclusion

4

Based on the foregoing, the Court ORDERS plaintiff's complaint DISMISSED with prejudice as frivolous.  All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties, to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention:  Betty Parker.

SIGNED at Houston, Texas, on December 15, 2005.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE